IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE MEDRANO,**<br><br>Petitioner,<br><br>v.<br><br>**DAVE DAVEY,**<br><br>Respondent. | Case No. 1:14-cv-01463 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 10]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Andrew R. Woodrow, of the Office of the Attorney General for the State of California.

**I.     BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, upon being convicted on April 4, 1995 of second degree murder. (See Pet. at 1.) Petitioner was sentenced to an indeterminate state prison term of twenty (20) years to life. (Id.) On September 27, 2007, Petitioner was convicted of possession of a weapon in state prison and was sentenced to a consecutive, determinate term of eight years. (Mot. to Dismiss, Ex. 1.)

1

In 2012, the California Department of Corrections and Rehabilitation (CDCR) issued Petitioner a rules violation report for possessing inmate-manufactured alcohol. (Mot. to Dismiss, Ex. 2.) At the disciplinary hearing on May 12, 2012, the hearing officer found Petitioner guilty of the charge and assessed a 30-day loss of custody credits. (Id.) After seeking relief administratively, Petitioner sought habeas relief in the Kern County Superior Court alleging that he was denied the opportunity to call a witness. (Id. at Ex.2.) Following briefing, the superior court found some evidence to support the hearing officer's decision, determined that Petitioner failed to properly raise his witness claim, and regardless, that any error did not "undermine[] confidence in the outcome" of the disciplinary decision and denied the petition. (Id.) Petitioner then filed petitions in the California Court of Appeal and the California Supreme Court. Both petitions were summarily denied. (Mot. to Dismiss, Exs. 3-4.)

Petitioner filed the instant petition on September 9, 2014. (Pet., ECF No. 1.) On November 26, 2014, Respondent filed a Motion to Dismiss the petition for failure to state a cognizable claim. (Mot. to Dismiss, ECF No. 10.) Petitioner did not file an opposition.

**II.    DISCUSSION**

**A.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Cognizability of Petitioner's Claim

#### 1. Habeas Corpus Jurisdiction

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside. Edwards v. Balisok, 520 U.S. 641, 644 (1997). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028-29, 1031 (9th Cir. 2004) (challenging state parole board's refusal to provide petitioner with annual review of his suitability for parole).

In Docken v. Chase, the Ninth Circuit clarified Bostic's definition of the word

1  "likely" in this context. 393 F.3d at 1031. Expungement of a disciplinary finding is "likely"
2  to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to
3  the length of imprisonment so as to implicate, but not fall squarely within the 'core'
4  challenges identified by the Preiser Court." Docken, 393 F.3d at 1031. An inmate's claim
5  strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical
6  confinement itself" and seeks "immediate release or speedier release from that
7  confinement." Preiser, 411 U.S. at 487-88, 498. The Ninth Circuit has concluded that a
8  "sufficient nexus", and therefore habeas jurisdiction, exists where a prison inmate
9  "seek[s] only equitable relief in challenging aspects of [his] parole review that . . . *could*
10 potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031 (emphasis
11 in original). "The likelihood of the effect on the overall length of the prisoner's sentence . .
12 . determines the availability of habeas corpus." Id. at 1028 (quoting Ramirez, 334 F.3d at
13 858).

14 Respondent asserts, relying on Skinner v. Switzer, that habeas jurisdiction does
15 not exist if a successful petition does not necessarily shorten Petitioner's sentence. See
16 131 S. Ct. at 1298-99 n.13 (2011) ("[Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242,
17 161 L. Ed. 2d 253 (2005)] declared . . . in no uncertain terms that when a prisoner's
18 claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of
19 habeas corpus' and may be brought, if at all, under § 1983.").

20 However, in reviewing this distinction, the Ninth Circuit has again reiterated that
21 habeas and § 1983 relief is not mutually exclusive:

22  Not all claims that are cognizable in habeas are precluded from § 1983's scope under that standard; rather, there are "instances where the same constitutional rights might be redressed under either form of relief." Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); see also Osborne, 423 F.3d at 1055 (rejecting "the notion that a claim which can be brought in habeas must be brought in habeas").[**Fn4**] Thus, the fact that a § 1983 plaintiff is "in custody" and therefore may file a habeas petition challenging the unlawfulness of that custody does not, by itself, determine whether the § 1983 claim is available. Instead, a claim that meets the statutory criteria of § 1983 may be asserted unless its success would release the claimant from confinement or shorten its duration, Preiser, 411 U.S. at 500, or would necessarily imply the invalidity of the conviction or sentence, Heck, 512 U.S. at 487. See also Wilkinson

4

> v. Dotson, 544 U.S. 74, 81, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (explaining that Preiser and Heck bar a § 1983 claim only if that claim will either result in a "speedier release" from custody or "a judicial determination that necessarily implies the unlawfulness of the State's custody").
>
> **FN4:** See also Preiser, 411 U.S. at 499 (noting that habeas and § 1983 may provide alternative means to challenge prison conditions); Skinner v. Switzer, 131 S. Ct. 1289, 1299, 179 L. Ed. 2d 233 (2011) (raising, without deciding, the question whether "habeas [is] the sole remedy, or even an available one," for certain types of claims).

Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2014).

This reinforces the conclusions set forth in the Ninth Circuit in Docken. 393 F.3d at 1031 ("As outlined above, the question of the relationship between habeas and § 1983 relief has only explicitly come up before in converse form: whether claims are *not* cognizable under § 1983 because their resolution will necessarily impact the fact and duration of confinement. In the only instance where the Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive, the suggestion was that they are not. We agree.") (emphasis in original; citations omitted.).

In summary, habeas corpus jurisdiction exists if a successful claim could potentially affect the duration of confinement. Respondent incorrectly heightens the applicable standard.

2. Credit Loss and Petitioner's Minimum Eligible Parole Date

For California prisoners serving a maximum term of life with the possibility of parole, good conduct credits are relevant to the determination of the prisoner's minimum eligible parole date. See Cal. Code Regs., tit. 15, § 2400 ("The amount of good conduct credit that a prisoner sentenced for first or second degree murder may earn to reduce the minimum eligible parole date is established by statute . . .  The department will determine the minimum eligible parole date. The length of time a prisoner must serve prior to actual release on parole is determined by the board."); Alley v. Carey, 2010 U.S. App. LEXIS 23068, 2010 WL 4386827, at *1 (9th Cir. Nov. 5, 2010) (unpublished) (good time credit affects minimum eligible parole date) (may be cited pursuant to Rule 36-3 of the Ninth Circuit Rules). When a prisoner reaches his minimum eligible parole date,

good conduct credits are not awarded unless and until the Board grants parole. See Cal. Code. Regs., tit. 15, §§ 2403, 2410, 2411; Garnica v. Hartley, 2010 U.S. Dist. LEXIS 88776, 2010 WL 3069309, at *2 (E.D. Cal. Aug. 4, 2010) ("Good conduct credits are not awarded until parole is actually granted by the parole board."); Wilder v. Dickinson, 2011 U.S. Dist. LEXIS 30772 at *15 (C.D. Cal. Feb. 10, 2011).

The loss of credits appears to have retroactively modified Petitioner's minimum eligible parole date to November 21, 2008 – a date that has already passed. (Mot. to Dismiss, Ex. 5.) Accordingly, the disciplinary hearing did not modify Petitioner's eligibility for parole hearings. The loss of credits did not impact the duration of Petitioner's custody on this ground.

                3.        Effect on Petitioner's Parole Suitability Hearing

Pursuant to California Code of Regulations § 2402(a), the Board is required to determine Petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. § 2402(d)(9). Therefore, the Board is required to consider a petitioner's prison disciplinary record in determining his suitability for parole.

United States Supreme Court precedent provides support that the mere possibility that the disciplinary action could affect a Petitioner's parole is too attenuated to support a Due Process violation. In Sandin v. Conner, 515 U.S. 472 (1995), a prisoner brought forth a claim arguing that a Hawaii prison regulation and the Due Process Clause afforded the prisoner a protected liberty interest such that a disciplinary sentence of 30 days segregation was unconstitutional. The inmate was found to have used angry and foul language during a strip search. In finding the 30-day punishment itself constitutional, the court also addressed the impact of the conviction on his parole eligibility in the future:

> Nor does [Petitioner's] situation present a case where the State's

action will inevitably affect the duration of his sentence. Nothing in Hawaii's code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, Haw. Rev. Stat. §§ 353-68, 353-69 (1985), even though misconduct is by regulation a relevant consideration, Haw. Admin. Rule § 23-700-33(b) (effective Aug. 1992). The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. Haw. Admin. Rule §§ 23-700-31(a), 23-700-35(c), 23-700-36 (1983). The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.

Id. at 487; see also Spencer v. Kemna, 523 U.S. 1, 14 (1998) (parole revocation impacting future parole proceedings is only a "possibility rather than certainty or even a probability" and is "simply one factor, among many, that may be considered by the parole authority in determining whether there is a substantial risk that the parole candidate will not conform to reasonable conditions of parole").

In Wilson v. Terhune, 319 F.3d 477, 481-83 (9th Cir. 2003), the Ninth Circuit held that a parole denial is 'separate and distinct' from the disciplinary violation process. In Wilson, the petitioner argued that a disciplinary violation (based on an escape attempt) would adversely affect his future parole prospects. 319 F.3d at 482. The Ninth Circuit concluded that a disciplinary violation does not create a presumption of collateral consequence. Further, "the decision to grant parole is discretionary" and the violation would be only one factor among many considered by the Board. Id. The court also noted that the Board would likely consider the underlying conduct, which the petitioner did not deny, rather than the violation itself, so expunging the violation would not improve his parole prospects. Wilson, 319 F.3d at 482.

Unlike Wilson, Petitioner denies the charges underlying the disciplinary violation. It is therefore possible that expungement of the violation from his record would improve his parole prospects to the extent that the violation, and the conduct underlying it, would no longer be considered by the Board. However, as proscribed by Wilson, there is no presumption of collateral consequences, and Petitioner has not provided any evidence that he has had a subsequent parole suitability hearing, and that the disciplinary report adversely affected the hearing. Petitioner has not alleged collateral consequences

sufficient to meet the case-or-controversy requirement, and his claim is therefore moot. See Spencer, 523 U.S. at 13, 15; Wilson v. Terhune, 319 F.3d at 479-81.

## III. CONCLUSION

Respondent has shown that Petitioner's disciplinary violation is not likely to affect the length of his sentence. Specifically, Respondent has shown that Petitioner's good time credits have not modified the date of Petitioner's parole hearings and that the potential effect on Petitioner's future parole hearings is too speculative. The Court recommends that Respondent's Motion to Dismiss be granted.

## IV. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion to Dismiss for failure to state a cognizable claim be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: February 9, 2015 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE